[No. 8,455.   Department One.—December 15, 1884.]

# KARL L. A. ROLLER, RESPONDENT, *v.* SUTTER STREET RAILROAD COMPANY, APPELLANT.

NEGLIGENCE—STREET RAILROAD—KILLING CHILD—INSTRUCTION.—The action was for damages for killing a child by running over it with a dummy engine of the defendant. The court instructed the jury that " the verdict must be for the defendant, unless the evidence establishes that the death of the child was caused by want of ordinary care on the part of the agent of the defendant in the management of the dummy and car, and that the person in whose care the child was placed when the parents left the house took all proper precautions for its safety." *Held,* that the instruction was proper.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Friedenrich & Ackerman,* for Appellant.

*Pillsbury & Titus,* for Respondent.

Ross, J.—Between two and three o'clock of the afternoon of Sunday, November 7, 1880, an infant child of the plaintiff, aged two years and seventeen days, was run over on Larkin street, in the city and county of San Francisco, by a dummy engine of the defendant, and so injured that death resulted from the injuries within a few days. The action is by the father for damages for the loss of his child. The points made on appeal relate only to the giving and refusal to give certain instructions to the jury by the court below.

The parents of the child, with whom lived also the mother of the plaintiff, resided on Larkin street. In rear of the residence was a yard inclosed by a fence, from which a door opened into an alleyway leading to Larkin street, the door being kept closed. The child was accustomed to play in the yard, and the testimony in the case shows that he was never permitted to go upon the street or sidewalk unattended. In the afternoon in question, the father and mother went out for a walk, leaving the child in charge of its grandmother, who was engaged in the kitchen, from which a door and a window afforded an outlook upon the yard. By some means not appearing, the door leading from the yard to the alleyway became unfastened, and the child escaped through it into the alleyway, and thence to Larkin street, and in attempting to cross the street was run over by the dummy of the defendant.

We have examined the instructions requested and given with care, and are of opinion that the jury was correctly instructed with respect to the law governing the case by the court below, except in respect to the measure of damages.

As is usually the case, there is much iteration and reiteration in the instructions, but the gist of them may be summed up in this extract, which we take from one of the last, and which embodies the law of the case: "The verdict must be for the defendant, unless the evidence establishes that the death of the child was caused by want of ordinary care on the part of the

agent of defendant, in the management of the dummy and car, and that the person in whose care the child was placed when his parents left the house took all proper precautions for its safety.''

Upon the question of the measure of damages, the instructions were, under the provisions of our statute, at least as favorable to the defendant as they ought to have been.

Judgment and order affirmed.

McKee J., and McKinstry, J., concurred.