PETER OLIGSCHLAGER v. TERRITORY OF OKLAHOMA.

(Filed February 11, 1905.)

1. LETTING OF BUILDING FOR UNLAWFUL PURPOSE, MISDEMEANOR. Every person, being the owner of a building, who lets the same or a portion thereof, knowing that it is intended to be used as a bawdy house, house of ill fame, of assignation, or of prostitution, or for a place for persons to visit for unlawful sexual intercourse, or for any lewd, obscene or indecent purpose, is guilty of a misdemeanor.

2. USE IS KEEPING, WHEN. A house that is actually being used as a place for persons to visit for unlawful sexual intercourse, is being kept for an unlawful purpose, and the letting of such house by the owner for such use is in violation of section 7 of article 3, of chapter 12, of the Session Laws of 1903.

3.  **MISDEMEANOR—Assessing Punishment—Statute Applicable.** Section 1935 of Wilson's Statutes providing punishment for persons convicted of misdemeanors, where no other or different punishment is prescribed by the code or other existing provisions of law, applies to and the provisions thereof may be used in assessing punishment for acts made unlawful by statutes which were passed subsequent to the enactment of that section.

4.  **SAME— Indictment— Instructions to Grand Jury—Order.** In a prosecution of a misdemeanor, where the indictment shows affirmatively upon its face that the court had instructed the grand jury to investigate such act, but the clerk had failed to enter upon the journals of the court the order instructing the grand jury to make such investigation, it is not error for the court, at any time during the term at which such instruction was given to the grand jury, to direct the clerk to enter such order of record.

5.  **SAME—Entering Order—Irregularity—Waiver.** In a criminal action by indictment, charging a misdemeanor, where the record does not affirmatively show that the grand jury was directed by the court to investigate such act, such failure of the record to show the order of the court for the grand jury to make such investigation is at most a mere irregularity, and is not a matter affecting the jurisdiction of the court, and such irregularity should be deemed to be waived, unless taken advantage of by the defendant by motion or demurrer before plea.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Houston & Buckner,* for plaintiff in error.

*P. C. Simons. Attorney General,* for defendant in error.

Opinion of the court by

PANCOAST, J.:   This was an action commenced by indictment in the district court of Garfield county, for a violation of sections five and seven of article 3, of chapter 12. of the Session Laws of 1903, which sections read, as follows:

"Section 5.   Every person who keeps a bawdy house, house of ill fame, of assignation, or of prostitution, or any other house or place for persons to visit for unlawful sexual intercourse, or for any other lewd, obscene or indecent pur-

pose, is guilty of a misdemeanor and upon conviction shall be fined in any sum not less than $100.00 nor more than $500.00 for each offense."

"Section 7. Every person who lets any building or portion of any building knowing that it is intended to be used for any purpose punishable by this chapter, or who otherwise permits any building or portion of a building to be so used, is guilty of a misdemeanor."

There were four indictments returned by the grand jury, and the four cases were, by consent, consolidated and tried as one case, on an indictment containing four counts. The verdict was guilty as to two of the charges, and not guilty as to the others. The indictments upon which the defendant was convicted were for allowing or permitting a frame building, owned and controlled by the defendant, to be used as a place for persons to visit for the purpose of unlawful sexual intercourse.

Fourteen assignments of error are contended for in the petition in error and brief, several of which may be grouped and considered together. The first is that the indictments did not state facts sufficient to constitute a public offense; the second, that there is no law prohibiting the acts charged against the defendant. These two contentions may be considered and noticed as one.

There seems to be no claim that the indictments fail to state an offense because of any other defect than that the defendant permitted the building to be "used" for unlawful purpose instead of charging that he permitted it to be "kept" for such purpose.

Of course, if there is no law prohibiting the acts complained of, then the indictments do not state a public offense.

Section 5 of the act referred to makes it unlawful for any person to keep certain designated houses of prostitution, and among the places named which are prohibited is a house or place for persons to visit for unlawful sexual intercourse. This section is aimed at the keeper, and provides punishment for persons who keep these unlawful houses.

Section 7 is aimed at the owner of the building, and makes it unlawful for any owner to let or permit any building or portion thereof to be used for the unlawful purposes mentioned in section 5.

Counsel for appellant contend that the only act prohibited by section 7 for which a punishment can be assessed is the letting or otherwise permitting any building to be "kept" for the purpose named in section 5, and that the permitting a building to be "used" for a place for persons to visit for unlawful sexual intercourse is not permitting a building to. be "kept" for such purpose, and is therefore not punishable.

The argument is very ingenious, but is not sound. The "using" of a building for a certain purpose and the "keeping" of a building for such purpose are almost synonomous terms. They are not always so, but in the sense in which they are used in these two sections they are so. While it may not necessarily follow that because a building is "kept" for an unlawful purpose, it is actually being used for such purpose, yet the converse is true: A building which is being "used" for an unlawful purpose is being "kept" for such purpose.

Section 7, then, properly construed, means that when a person lets or otherwise permits any building to be "used" as a place for persons to visit for unlawful sexual intercourse, he allows it to be "kept" for such purpose.

The next error assigned is that the crime charged being a misdemeanor, the district court had no jurisdiction to try the same upon indictment, unless the court had first given instructions to the grand jury to investigate this class of offenses. There is no contention but what the court did in fact instruct the grand jury to investigate this class of offenses but the contention is that the record should affirmatively show that fact and that in this case the record does not show the same, except by an order made during the trial for the clerk to enter the order which had been made upon the journal.

The advantage sought to be taken of this irregularity was by an objection to the introduction of testimony, that the indictments were not returned upon any order of the district court, giving the grand jury authority to investigate any misdemeanors, or these particular cases.

Without going into detail in this matter or answering the various phases of the proposition discussed in the brief, we think that this question is not one of jurisdiction, nor can such questions be raised by objection to the introduction of testimony.

Errors and irregularities appearing upon the face of an indictment, or in proceedings resulting in the presentation of an indictment, except those affecting the jurisdiction of the court, or that the indictment does not state a public offense, are generally, if not always, held to be waived if not taken advantage of by the defendant by motion or demurrer before plea. (*People v. Turner*, 39 Cal., 70: *People v. Villarino*, 66 Cal., 230; *Territory v. Pratt*, 43 N. W., 711.)

The court, however, had authority in this case to direct the clerk to enter upon the record the order made for the grand jury to investigate this class of offenses. This case

was tried at the same term of court at which the indictments were found, and it is a well settled doctrine that a court has full control over its record during the term.

Counsel are also in error about there being nothing of record showing that the grand jury were instructed to investigate this class of offenses. The indictments affirmatively show in the body thereof that the grand jury had been instructed and charged to investigate this particular offense.

The next error complained of by counsel is the refusal of the court to give certain instructions. These instructions were drawn under the theory that counsel had of the case, that the charge of permitting a building to be "used" for the purposes named was not equivalent to a charge of "keeping" it for such purpose. If counsel were correct in this view of the case, the refusal to give the instructions asked for would of course have been no error, but in as much as we hold that the indictments were sufficient in language, and properly charged the offense, it necessarily follows that the court very properly refused to give the instructions asked.

The contention that there was no authority to assess the punishment in this case is wholly without merit. It is true that the act of which section 7 defining this offense is a part, makes no provision for the punishment to be assessed, but simply provides that a person who commits the acts charged shall be guilty of a misdemeanor.

Section 1935 of Wilson's Statutes, however, was in force when this act was passed, and that section provides that where no other or different punishment is prescribed by the code or some existing provision of law, every offense declared to be a misdemeanor is punishable by imprisonment

in the county jail for not exceeding one year, or by a fine not exceeding $500.00, or by both such fine and imprisonment.

This is ample authority for fixing the penalty and pronouncing the judgment in this case, and it applies to prosecutions for acts committed in violation of future statutes, as well as of those then in existence.

This concludes the different assignments of error, except that referring to the insufficiency of the evidence, and we have so frequently expressed our views along that line that it is unnecessary to repeat them here.

Having carefully examined the entire record in this case, and believing that the defendant has had a fair and impartial trial, and seeing no error, the judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.