## OLIGSCHLAGER v. TERRITORY OF OKLAHOMA.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1906.)

### No. 2,244.

DISORDERLY HOUSE—EVIDENCE OF LOCATION OF BUILDING WHERE CHARGED IN INDICTMENT FOR UNLAWFUL USE ESSENTIAL WHEN NOT OTHERWISE IDENTIFIED.

In the trial of a charge of permitting the use for an unlawful purpose of a frame building owned and controlled by the defendant situated upon a certain lot in a town, but not described or identified in any other way, the absence of any evidence that the defendant owned or controlled any building situated upon the lot specified is fatal to a conviction.

(Syllabus by the Court.)

In Error to the Supreme Court of the Territory of Oklahoma.

Samuel B. McPheeters and Warren D. Harris, for plaintiff in error.

Don C. Smith (W. O. Cromwell, on the brief), for defendant in error.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

SANBORN, Circuit Judge. Two indictments were found against the defendant below, Peter Oligschlager, each of which charged in the same words that he knowingly allowed "a certain frame building located on lot fourteen (14) in block fourteen (14) of the original townsite of the city of Enid," which was owned and controlled by him to be used for a purpose denounced by the statute. The building was not described or identified in any other way. The two cases presented by these indictments were tried together before the same jury, and the defendant was found guilty, and sentenced under each charge. There was evidence about the ownership and use of some buildings on a lot fronting on West Railroad Avenue, south of the opera house, but no evidence that this was the lot 14 in block 14 described in the indictments, and none that there were any buildings either owned or controlled by the defendant or by another upon the latter lot. The testimony concerning the buildings on the lot south of the opera house was admitted after repeated objections of the defendant that it was incompetent, irrelevant, and immaterial,

and at the close of the trial he interposed a general demurrer to the evidence. The court disregarded this demurrer, and submitted the case to the jury. This was a fatal error. The charge in the indictments was permitting the unlawful use of a building owned and controlled by the defendant on lot 14, and, in the absence of any evidence that there was any building on that lot, and that there was any building owned or controlled by the defendant thereon, the court could not lawfully permit the jury to find the defendant guilty as charged in the indictments. There were other alleged errors at the trial of the case, but, as that which has been considered necessitates a new trial, it is useless to discuss them. The judgments of the courts in the territory of Oklahoma (79 Pac. 913) are accordingly reversed, and the case is remanded to the District Court, with instructions to grant a new trial.