STATE, Appellant, *v.* WILLIAMS, Respondent.

(No. 7,755.)

(Submitted April 23, 1938.   Decided May 4, 1938.)

[79 Pac. (2d) 314.]

*Mr. Thomas D. Long,* County Attorney of Lincoln County, for Appellant, submitted a brief and argued the cause orally.

*Messrs. Walchli & Korn,* for Respondents, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

520

522

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant was charged by information with the crime of being an accessory to the commission of an offense by Earl Maken. The information charged that Maken had committed a felony by the reckless and felonious use and handling of highly explosive substances, whereby the life and limb of a human being were endangered, and that defendant here, knowing that fact, did unlawfully and feloniously receive, harbor, and protect Maken. By demurrer defendant challenged the sufficiency of the information and the jurisdiction of the court. The demurrer was sustained, and the state appealed.

The charge against Maken, the principal, is conceded to be ▮▮▮▮ for violation of section 2812, Revised Codes, reading as follows: "Every person who shall recklessly or maliciously use, handle, or have in his or her possession any blasting powder, giant or Hercules powder, giant caps, or other highly explosive substance, whereby any human being is intimidated, terrified, or endangered, shall be guilty of a misdemeanor."

Section 10733, Id., provides: "All persons who, after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor or protect the person charged with or convicted thereof, are accessories."

Hence, whether the information is sufficient to charge defendant as an accessory depends upon whether the crime denounced by section 2812 is a felony or a misdemeanor.

It will be observed that section 2812 expressly states that the crime therein defined is a misdemeanor. The state contends,

however, that because of section 2813 which was enacted at the same time as section 2812, the violation of section 2812 constitutes a felony. Section 2813 reads: "Any person, or association of persons, violating any of the provisions of this Act, shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding five thousand dollars, or by both such fine and imprisonment."

When sections 2806 to 2814 were enacted, section 10725 was in full force and effect, reading: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both." This section is applicable to acts made misdemeanors after its passage. (*Oligschlager* v. *Territory*, 15 Okl. 141, 79 Pac. 913.)

Hence, the controlling question here is: What penalty does ▮▮▮▮ the offense embraced in section 2812 carry? If the penalty is that prescribed by section 10725, then the offense is a misdemeanor, whereas, if the penalty provided for in section 2813 controls, then the offense is a felony. (Sec. 10723.) If the penalty is that prescribed in section 10725, then the information is insufficient.

As an aid in ascertaining the legislative intent, another section of the statute, 2814, is helpful. That section provides: "When the death of any person is caused by the explosion of any powder, gunpowder, giant or Hercules powder, giant caps, or other highly explosive substance that has been stored, kept, handled, or transported, contrary to the provisions of the foregoing sections, the person or persons who have so unlawfully stored, kept, handled, or transported such explosives, or who may have knowingly or negligently permitted their agents, servants, or employees to so unlawfully store, keep, handle, or transport the same, shall be guilty of manslaughter, and, on conviction, shall be punished by imprisonment in the state penitentiary for a period not exceeding ten years." Other provisions of the statute—sections 2806 to 2811, inclusive—declare

certain acts unlawful to which the penalty provided in section 2813 applies.

If section 2813 is given its literal meaning, it conflicts with section 2812. In such a situation our duty is declared in 59 S. J., p. 1000, as follows: ''General and special provisions in a statute should stand together, if possible, but where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions must govern, unless the statute as a whole clearly shows the contrary intention and they must be given effect notwithstanding the general provision is broad enough to include the subject to which the particular provisions relate. The particular provision should be regarded as an exception to the general provision so that both may be given effect.'' We gave recognition to this rule, under facts not wholly dissimilar to those here, in *City of Bozeman* v. *Merrell*, 81 Mont. 19, 261 Pac. 876.

Applying this rule of construction to the statutes under consideration here, we must hold that both sections 2812 and 2814 are special provisions covering the offenses defined in each. Section 2813 is a general provision. Sections 2812 and 2814 are to be regarded as exceptions to the general provisions of section 2813. It follows that the crime denounced in section 2812 is a misdemeanor, with punishment controlled by section 10725, and is not a felony.

Counsel representing the state asserts in his brief that he concedes that the complaint against Maken is based upon section 2812; hence our inquiry is limited to that question, and we express no opinion as to whether the complaint against Maken may be sustained as for a second degree assault under section 10977, which is a felony.

The complaint against Maken is not before us. Presumably it was before the trial court, and that court in ruling upon the information here made this statement: ''In my opinion the information cannot be amended. The offense with which Earl Maken has been charged and which is founded upon section 2812, R. C. M. 1935, is not a felony but a misdemeanor.'' Hence, we

must, so far as the question now before us is concerned, treat the charge against Maken as based upon section 2812, and not upon second degree assault. From the information against defendant here it appears that a human being was severely injured as a result of the "reckless and felonious use and handling [by Maken] of highly explosive substances."

Assault in the second degree under section 10977 is accomplished by one who "wilfully or wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon." The use of the word "feloniously" in describing the acts of Maken will not take the place of the words "wilfully" or "wrongfully" in charging the crime of second degree assault as defined in subdivision 3 of section 10977. (5 C. J. 766.) It may be that the acts of Maken constitute a felony under subdivision 3, section 10977, if properly charged; a point we do not now decide.

The judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.